WATSON LAW GROUP
Tom T. Nagashima, Esq. (State Bar No.: 233636)
tnagashima@watsonlawgroup.com
Landon R. Schwob, Esq. (State Bar No.: 280908)
lschwob@watsonlawgroup.com
553 South Oak Knoll Ave.
Pasadena, CA 91101
Telephone:   (213) 785-1400
Facsimile:    (800) 816-0170

Attorneys for Plaintiff,
Ronald Sacks

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Sacks<br><br>        Plaintiff,<br><br>vs.<br><br>Bradford White Corporation, and DOES 1 through 10, inclusive<br>        Defendants. | Case No.<br>**EDCV13-0058** VAP(SPx)<br><br>**PLAINTIFF RONALD SACKS' COMPLAINT FOR DAMAGES**<br><br>1. Strict Liability – Failure to Warn<br>2. Strict Liability – Design Defect<br>3. Negligence<br>4. Breach of Implied Warranty of Merchantability<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff RONALD SACKS (hereinafter "SACKS") complains and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff SACKS is and was a citizen of the State of California.  Defendant BRADFORD WHITE CORPORATION (hereinafter "BRADFORD WHITE") is and was a duly organized Delaware corporation, with its corporate headquarters located in Pennsylvania.  The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

WATSON
LAW GROUP

1    2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because
2   a substantial part of the property that is the subject of this action is situated in the Central
3   District of California.

**PARTIES**

5    3.    SACKS is and was a citizen of the State of California.

6    4.    BRADFORD WHITE is and was a duly organized Delaware corporation, with
7   its corporate headquarters located in Pennsylvania.

8    5.    SACKS is ignorant of the true names and capacities, whether individual,
9   corporate, or associate, of those defendants fictitiously sued as DOES 1 through 10
10  inclusive and so SACKS sues them by these fictitious names.  SACKS is informed and
11  believes that each of the DOE defendants reside in the State of California and are in some
12  manner responsible for the conduct alleged herein.  Upon discovering the true names and
13  capacities of these fictitiously named Defendants, SACKS will amend this complaint to
14  show the true names and capacities of these fictitiously named defendants.

15   6.    SACKS is informed and believes, and based thereon alleges, that at all
16  times herein mentioned, each of the remaining codefendants, in doing the things
17  hereinafter alleged, were acting within the course, scope, and under the authority of their
18  agency, employment, or representative capacity, with the consent of her/his/its
19  codefendants.

**STATEMENT OF FACTS**

21   7.    At all times mentioned in this complaint, SACKS owned and resided at the
22  residence located at 21532 Appaloosa Court, Canyon Lake, California 92587 (hereinafter
23  "Property").

24   8.    SACKS is informed and believes, and based thereon alleges, that on or
25  about April 25, 2006, an 80-gallon water heater manufactured by defendants, model
26  number MI80R6DS13 and serial number ZK3778127 (hereinafter "Water Heater") was
27  installed on the second floor of the Property.

28   9.    A sacrificial anode was installed inside the Water Heater at the time of

Page 2
PLAINTIFF RONALD SACKS' COMPLAINT FOR DAMAGES

WATSON
LAW GROUP

1   manufacture by defendants as a method of preventing corrosion of the steel water tank.

2       10.    The Installation & Operating Instruction Manual provided by defendants
3   failed to provide any warnings with respect to the potential risks associated with anode
4   depletion.

5       11.    At some undetermined time after the manufacture of the Water Heater, but
6   on or before January 27, 2011, the anode prematurely depleted.

7       12.    On or about January 27, 2011, and as a result of the depletion of the anode,
8   the Water Heater tank underwent corrosion, weakening its structure.  The Water Heater
9   bulged at its seam when it could no longer support the instant pressure and water
10  escaped from the openings on the top of the Water Heater at a steady flow rate of over
11  four gallons per minute.

12      13.    At or around 4:30 p.m. on January 27, 2011, SACKS discovered the leak.

13      14.    The leak caused extensive damage to the Property.

14                        **FIRST CAUSE OF ACTION**

15                    **Strict Liability – Failure to Warn**

16             (Against BRADFORD WHITE and DOES 1 through 10)

17      15.    SACKS incorporates by reference each and every allegation contained in
18  paragraphs 1 through 14, inclusive, as though fully set forth herein.

19      16.    SACKS is informed and believes, and based thereon alleges, that
20  defendants manufactured, distributed and sold the Water Heater to SACKS.

21      17.    SACKS is informed and believes, and based thereon alleges, that the Water
22  Heater had potential risks that were known or knowable by defendants at the time of
23  manufacture, as previously set forth herein.

24      18.    SACKS is informed and believes, and based thereon alleges, that the
25  potential risks presented a substantial danger to consumers such as SACKS.

26      19.    SACKS is informed and believes, and based thereon alleges, that the
27  ordinary consumer would not have recognized the potential risks as set forth herein.

28      20.    SACKS is informed and believes, and based thereon alleges, that the



1 | warnings and directions provided in the Installation & Operating Instruction Manual failed
2 | to adequately warn or instruct of the potential risks as set forth herein.

3 |     21.   SACKS is informed and believes, and based thereon alleges, that as a direct
4 | and proximate result of these failures to warn, SACKS was harmed as alleged herein
5 | while using the Water Heater in a foreseeable manner.

6 |     22.   SACKS is informed and believes, and based thereon alleges, that the lack of
7 | sufficient warnings about the potential risks as set forth herein was a substantial factor in
8 | causing the harm.

9 | **SECOND CAUSE OF ACTION**

10 | **Strict Liability – Design Defect**

11 | (Against BRADFORD WHITE AND DOES 1 through 10)

12 |     23.   SACKS incorporates by reference each and every allegation contained in
13 | paragraphs 1 through 22, inclusive, as though fully set forth herein.

14 |     24.   SACKS is informed and believes, and based thereon alleges, that the Water
15 | Heater did not perform as safely as an ordinary consumer would have expected at the
16 | time of use.

17 |     25.   SACKS is informed and believes, and based thereon alleges, that as a direct
18 | and proximate result of these design defects, SACKS was harmed as alleged herein while
19 | using the Water Heater in a foreseeable manner.

20 |     26.   SACKS is informed and believes, and based thereon alleges, that the Water
21 | Heater's failure to perform safely was a substantial factor in causing the harm as alleged
22 | herein.

23 | **THIRD CAUSE OF ACTION**

24 | **Negligence**

25 | (Against BRADFORD WHITE AND DOES 1 through 10)

26 |     27.   SACKS incorporates by reference each and every allegation contained in
27 | paragraphs 1 through 26, inclusive, as though fully set forth herein.

28 |     28.   SACKS is informed and believes, and based thereon alleges, that

**WATSON**
LAW GROUP

PLAINTIFF RONALD SACKS' COMPLAINT FOR DAMAGES

1  defendants, and each of them, owed a duty to exercise reasonable care in the design,

2  manufacture, construction, assembly, inspection and provision of warnings with respect to

3  the Water Heater.

4      29.    SACKS is informed and believes, and based thereon alleges, that each

5  defendant negligently and carelessly designed, manufactured, constructed, assembled,

6  inspected and warned with respect to the Water Heater.

7      30.    SACKS is informed and believes, and based thereon alleges, that at all

8  times mentioned in this complaint, defendants, and each of them, knew or should have

9  foreseen with reasonable certainty that SACKS would suffer damages if defendants

10 negligently and carelessly failed to design, manufacture, construct, assemble, inspect and

11 warn with respect to the Water Heater.

12     31.    As a proximate and direct result of these defendants' negligence, and each

13 of them, SACKS was damaged in the amount alleged herein.

14                        **FOURTH CAUSE OF ACTION**

15               **Breach of Implied Warranty of Merchantability**

16               (Against BRADFORD WHITE AND DOES 1 through 10)

17     32.    SACKS incorporates by reference each and every allegation contained in

18 paragraphs 1 through 31, inclusive, as though fully set forth herein.

19     33.    SACKS is informed and believes, and based thereon alleges, that

20 defendants manufactured, distributed and sold the Water Heater to SACKS.

21     34.    SACKS is informed and believes, and based thereon alleges, that at the time

22 of manufacture, distribution and sale, defendants were in the business of manufacturing

23 water heaters.

24     35.    SACKS is informed and believes, and based thereon alleges, that

25 defendants' negligent and careless design, manufacture, construction, assembly,

26 inspection and provision of warnings with respect to the Water Heater rendered the Water

27 Heater not fit for the ordinary purposes for which such goods are used.

28     36.    SACKS is informed and believes, and based thereon alleges, that

WATSON
LAW GROUP

1 defendants' negligent and careless design, manufacture, construction, assembly,

2 inspection and provision of warnings with respect to the Water Heater rendered the Water

3 Heater not of the same quality as those generally acceptable in the trade.

4      37.     SACKS is informed and believes, and based thereon alleges, that SACKS

5 took reasonable steps to notify defendants within a reasonable time that the Water Heater

6 did not have the expected quality.

7      38.     As a proximate and direct result of these defendants' breach of warranty,

8 and each of them, SACKS was damaged in the amount alleged herein.

9                              **PRAYER FOR RELIEF**

10 WHEREFORE, SACKS prays for the following relief, to be determined by a jury as follows:

11      1.      Damages in the amount of $157,635.23 with prejudgment interest thereon

12 as allowed by law;

13      2.      For all costs incurred in this suit;

14      3.      For all interest as allowed by law;

15      4.      For reasonable costs as allowed by law; and

16      5.      For such other and further relief as the Court deems just and proper.

17                              **DEMAND FOR JURY TRIAL**

18      SACKS hereby requests a trial by jury for all claims and issues so triable.

19

20

21 Dated:  December 17, 2012                    **WATSON LAW GROUP**

22

23

24                                              Landon R. Schwob, Esq.
                                                Attorney for Plaintiff,
25                                              Ronald Sacks

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 58 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[✓] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

WATSON LAW GROUP
Landon R. Schwob, Esq. (State Bar No. 280908)
lschwob@watsonlawgroup.com
553 South Oak Knoll Avenue
Pasadena, CA 91101
Telephone: (213) 785-1400

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Sacks<br><br>PLAINTIFF(S)<br>v.<br>Bradford White Corporation, and DOES 1 through 10, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**EDCV13-0058 VAP(SPx)**<br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __Landon R. Schwob, Esq._____, whose address is __Watson Law Group, 553 South Oak Knoll Avenue, Pasadena, CA 91101_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: __JAN - 8 2013__

Clerk, U.S. District Court

By: _____JULIE PRADO_____
            Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Ronald Sacks | Bradford White Corporation, and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Landon R. Schwob, Esq. Watson Law Group, 553 South Oak Knoll Avenue, Pasadena, CA 91101 (213) 785-1400 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 157,635.23

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1332, diversity of citizenship

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☑ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   **EDCV13-0058**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Ronald Sacks - Riverside County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Bradford White Corporation - Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_                Date December 17, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |